UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JUAN V. BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:24-cv-00216-SRC |
| ) | |
| DIRECTOR, MISSOURI DEPARTMENT ) | |
| OF CORRECTIONS et al., ) | |
| ) | |
| Defendants. ) | |

**Memorandum and Order**

Self-represented Plaintiff Juan V. Brown, an inmate at the Farmington Correctional Center, sued multiple defendants for civil-rights violations. Doc. 1. Now, he moves to proceed *in forma pauperis*, doc. 2, and for appointment of counsel, doc. 6. Having reviewed Brown's motions, the Court grants his motion to proceed *in forma pauperis* and denies his motion for appointment of counsel. Further, after reviewing Brown's complaint, the Court partially dismisses his claims for legal frivolity and/or failure to state a claim.

**I.      Background**

Brown filed this action on a Prisoner Civil Rights Complaint form pursuant to 42 U.S.C. § 1983. Doc. 1. And he names nine defendants: (1) the Director of the Missouri Department of Corrections; (2) MDOC "correctional staff" and "administrative staff"; (3) Marvin Brannum, functional-utilities manager; (4) L. Hampton, correctional officer; (5) R. Hampton, correctional officer; (6) J. Platt, complex-case manager; (7) Steve Bond, complex-case manager; (8) Brad Shaw, correctional officer; and (9) Sergeant Gladwell, correctional officer. *See id.* at 1–8. Brown specifies he brings this action against all defendants in their official and individual capacities. *Id.* at 2–4. At all relevant times to this action, Brown indicates he was confined at the FCC. *Id.* at 3–8.

Brown fails to include any allegations against the MDOC Director, Brannum, Shaw, or Gladwell. *See id.* at 5–8. Rather, he limits his allegations to defendants Bond, Platt, L. Hampton, and J. Hampton. *Id.* Brown identifies Bond and Platt as complex-case managers and takes issue with their handling of his grievances. *Id.* at 2, 5, 8. Brown asserts Bond lost two witness statements, submitted incorrect forms related to his grievances, and failed to process his complaints, whereas Platt allegedly declined to review his Informal Resolution Request and misstated the nature of his complaint. *Id.* at 5, 8.

Brown identifies L. Hampton and R. Hampton as correctional officers. *Id.* at 2, 6–7. He alleges that L. Hampton, unprovoked by Brown and under the direction of R. Hampton, punched him in the knees, jerked him around, and pulled him in "a shaking like manner." *Id.* at 6. Brown further asserts that R. Hampton subjected him to physical abuse on "numerous" occasions by "twisting [his] left arm and wrist and making threatening statements saying he would teach [his] n***** a** who controls the whipping stick[.]" *Id.* at 7. Also, Brown alleges that on one occasion R. Hampton accused him of a false violation to justify using a "chemical agent" against him. *Id.*

Describing his injuries, Brown states he "suffered and sustained injury to his left arm and wrist," "was abused in handcuffs and suffer[e]d a minor attack of jerks and punches," "was attacked with a chemical agent," and "did not receive treatment for any sustained injury listed." *Id.* at 9. Finally, for relief, Brown seeks monetary damages in the amount of $2.6 million. *Id.* at 10.

II.  **Motion to proceed *in forma pauperis***

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* must pay the full amount of the filing fee. If the prisoner lacks sufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial

2

partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period.  28 U.S.C. § 1915(b)(1)(A)–(B).  After payment of the initial partial filing fee, the prisoner must make monthly payments of 20 percent of the preceding month's income credited to his account.  28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid.  *Id.*

In support of his motion for leave to proceed *in forma pauperis*, Brown submitted a copy of his certified inmate-account statement.  Doc. 7.  A review of Brown's account from the relevant six-month period shows an average monthly deposit of $15.83 and an average monthly balance of $1.79.  *See id.*  Thus, Brown lacks sufficient funds to pay the entire filing fee.  Accordingly, the Court assesses an initial partial filing fee of $3.17—20 percent of Brown's average monthly deposits.

### III.  Section 1915 initial review

#### A. Standard

Under 28 U.S.C. § 1915(e)(2), the Court must dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted.  An action is frivolous if it "lacks an arguable basis in either law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570).  Determining

3

whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679 (citation omitted). The Court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

Further, the Court liberally construes complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980) (citations omitted). Federal courts need not assume unalleged facts, *Stone*, 364 F.3d at 914–15, nor must they interpret procedural rules in order to excuse mistakes by those who proceed without counsel, *see McNeil v. United States*, 508 U.S. 106, 113 (1993).

**B.     Discussion**

Brown sued all defendants in both their official and individual capacities. Doc. 1 at 2–4. Below, the Court addresses the official- and individual-capacity claims separately.

**1.     Official-capacity claims**

Brown sues all defendants in their official capacities, and the Court dismisses all of these claims as barred by the Eleventh Amendment. "Section 1983 . . . does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits . . . ." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989) (citing *Welch v. Texas Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472–73

(1987)). Further, because a "suit against a public employee in his or her official capacity is merely a suit against the public employer," *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (citation omitted), this limitation extends to state employees sued in their official capacities, *Andrus ex rel. Andrus v. Arkansa*s, 197 F.3d 953, 955 (8th Cir. 1999); *see also Will*, 491 U.S. at 71 ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. . . . As such, it is no different from a suit against the State itself." (citations omitted)). Thus, "[a] claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment." *Andrus*, 197 F.3d at 955 (citing *Will*, 491 U.S. at 58).

In this case, MDOC appears to employ all defendants; thus, the State of Missouri employs all defendants. *Cf. Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 70–71, 91 (2000) (identifying Florida Department of Corrections employee as state employee). Because Brown cannot bring a damages claim against Missouri under 42 U.S.C. § 1983, he cannot bring a damages claim against Missouri's employees in their official capacities. *See Will*, 491 U.S. at 66, 71. Thus, the Court dismisses Brown's official-capacity claims against all defendants.

### 2. Individual-capacity claims

The Court next addresses Brown's individual-capacity claims. The Court addresses these claims in five subsections: (1) MDOC Director; (2) Brannum, Shaw, and Gladwell; (3) MDOC "correctional staff" and "administrative staff"; (4) Bond and Platt; and (5) L. Hampton and R. Hampton.

#### i. MDOC Director

Brown's allegations fail to state a claim upon which relief may be granted against the MDOC Director. "To state a claim under section 1983, the plaintiff must plead that a government official has personally violated his constitutional rights." *Jackson v. Nixon*, 747

F.3d 537, 543 (8th Cir. 2014) (citing *Iqbal*, 556 U.S. at 676); *see also Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) ("A supervisor cannot be held liable, on a theory of respondeat superior, for an employee's unconstitutional actions." (citation omitted)). To do so, the plaintiff must allege facts showing each defendant's personal involvement in the deprivation of his constitutional rights, and the Court assesses "each defendant relative to his authority over the claimed constitutional violation." *Jackson*, 747 F.3d at 543. A supervisor or administrator may be liable only if his or her direct action or failure to supervise and train the offending employee caused the constitutional violation. *Id.* (citations omitted). A supervisor's personal involvement can also be established by allegations that he or she was directly "involved in 'creating, applying, or interpreting a policy' that gives rise to unconstitutional conditions." *Id.* (citations omitted).

Brown fails to identify the MDOC Director and fails to allege any facts related to the director's personal involvement with the alleged constitutional violations. The Court will not assume unalleged facts. *See Stone*, 364 F.3d at 914–15. Thus, Brown fails to state a claim against the MDOC Director. Additionally, Brown may not rely on a theory of respondeat superior to save this claim. *See Boyd*, 47 F.3d at 968. Because of these deficiencies, the Court dismisses the claims against the MDOC Director.

> ii. **Brannum, Shaw, and Gladwell**

Brown fails to state a claim against Brannum, Shaw, and Gladwell because the complaint lacks any allegations related to their conduct. "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (first citing *Rizzo v. Goode*, 423 U.S. 362, 370–71 (1976); and then citing *Cotton v. Hutto*, 577 F.2d 453, 455 (8th Cir. 1978) (per curiam)). But Brown fails to allege facts connecting these defendants to constitutional violations. Rather, he merely lists these individuals as defendants. *See, e.g.*, *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming

6

dismissal of a self-represented complaint when plaintiff merely listed defendants in the caption without alleging "they were personally involved in the constitutional violations" (citing *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (per curiam)); *Potter*, 497 F.2d at 1207 ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." (citation omitted)). Thus, the Court dismisses the claims against Brannum, Shaw, and Gladwell.

        iii.        **MDOC "correctional staff" and "administrative staff"**

Brown also fails to state a claim against MDOC "correctional staff" and "administrative staff." The complaint fails to specify whether "correctional" and "administrative staff" pertains only to the named defendants. *Compare* doc. 1 at 4 (identifying "Defendant 2" as "State of Missour[i] D.O.C[.] corrections [and] administration") *with id.* at 2 (identifying specific defendants). If Brown seeks to sue additional parties, he fails to provide information that would permit the Court to ascertain their identities, and he fails to allege facts connecting these defendants to constitutional violations. *See generally id*. Because of these deficiencies, the Court dismisses the claims against any unnamed correctional and administrative staff. *See Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985); *Madewell*, 909 F.2d at 1208.

        iv.        **Bond and Platt**

As to Bond and Platt, Brown fails to allege a plausible constitutional violation under section 1983. Brown alleges Bond and Platt handled his grievances inappropriately. *See* doc. 1 at 5, 8. But "defendants' failure to process [prison] grievances, without more, is not actionable under section 1983." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *see also Bostic v. Babich*, No. 1:07-cv-00014-ERW, 2008 WL 906801 at *7 (E.D. Mo. Apr. 3, 2008) ("A 'grievance procedure does not confer any substantive constitutional right upon prison inmates.'"

7

(citation omitted)); *Walls v. Highsmith*, No. 4:07-cv-01897-DJS, 2007 WL 4468694 at *2 (E.D. Mo. Dec.17, 2007) ("[T]he denial of grievances, in and of itself, cannot support a substantive constitutional claim." (citing *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002))). Further, there exists "no federal constitutional liberty interest in having . . . prison officials follow prison regulations." *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (citing *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)). Thus, the Court dismisses Brown's claims against Bond and Platt.

### v. L. Hampton and R. Hampton

Brown sufficiently states claims against L. Hampton and R. Hampton by alleging they used excessive physical force against him. *See* doc. 1 at 6–7. The Eighth Amendment forbids the "unnecessary and wanton infliction of pain." *Hudson v. McMillian*, 503 U.S. 1, 9–10 (1992); *see also Burns v. Eaton*, 752 F.3d 1136, 1138 (8th Cir. 2014) ("After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment." (citing *Whitley v. Albers*, 475 U.S. 312, 319 (1986))). When a prisoner accuses a prison official of using excessive physical force in violation of the Eighth Amendment, the Court determines "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Jackson v. Gutzmer*, 866 F.3d 969, 974 (8th Cir. 2017) (quoting *Hudson*, 503 U.S. at 6–7).

Here, Brown plausibly alleges that L. Hampton and R. Hampton used excessive physical force against him. He alleges that L. Hampton, unprovoked by Brown and under the direction of R. Hampton, punched him in the knees, jerked him around, and pulled him in "a shaking like manner." Doc. 1 at 6. Brown further asserts that R. Hampton subjected him to physical abuse on "numerous" occasions by "twisting [his] left arm and wrist and making threatening statements saying he would teach [his] n***** a**  who controls the whipping stick[.]" *Id.* at 7. Also, he

8

alleges that on one occasion R. Hampton used "chemical agent" against him. *Id.* With these allegations, the Court finds that Brown has alleged enough facts to survive initial review.

### IV. Motion to appoint counsel

Brown moves for the appointment of counsel. Doc. 3. In civil cases, a self-represented litigant does not have a "constitutional or statutory right to appointed counsel." *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) (citation omitted); *see also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) ("A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." (citation omitted)). Rather, a district court may appoint counsel "if convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where 'the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel.'" *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citations omitted). When determining whether to appoint counsel, a court considers relevant factors, such as "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006) (citation omitted).

Here, there is no indication that Brown cannot represent himself, and nothing in the complaint, or in the record before the Court, evidences sufficiently complex factual or legal issues. Further, the two remaining defendants have yet to be served with process and discovery has not begun, so no conflicting testimony exists. Because of this, the Court denies the motion for appointment of counsel without prejudice, and will entertain any future motions, if appropriate, as the case progresses.

V.     **Conclusion**

Accordingly, the Court grants Brown's [2] motion to proceed *in forma pauperis*. By no later than June 28, 2024, Brown must pay an initial filing fee of $3.17. Brown must make his remittance payable to "Clerk, United States District Court," and include upon it (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding. Additionally, the Court denies Brown's [6] second motion to proceed *in forma pauperis* as moot. The Court also denies, without prejudice, Brown's [3] motion to appoint counsel.

Further, the Court dismisses Brown's official-capacity claims against all defendants brought pursuant to 42 U.S.C. § 1983. And the Court dismisses Brown's individual-capacity claims against Director, Missouri Department of Corrections; Marvin Brannum; J. Platt; Steve Bond; Brad Shaw; Sergeant Gladwell; and unnamed "administrative staff" and "correctional staff" brought pursuant to 42 U.S.C. § 1983.

The Court directs the Clerk of Court to dismiss Director, Missouri Department of Corrections; Marvin Brannum; J. Platt; Steve Bond; Brad Shaw; and Sergeant Gladwell from this case and change the case name to *Brown v. Hampton*. Further, the Court instructs the Clerk of Court to issue process or cause process to issue upon the complaint, pursuant to the service agreement the Court maintains with the Missouri Attorney General's Office, as to L. Hampton and R. Hampton in their individual capacities.

The Court certifies that an appeal from this partial dismissal would not be taken in good faith. A separate order of partial dismissal accompanies this Memorandum and Order.

So ordered this 29th day of May 2024.

*/s/ SL R. CR*
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE

10