UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JUAN V. BROWN,                    )
                                  )
        Plaintiff,                )
                                  )
        v.                        )        No. 4:24-cv-00216-SRC
                                  )
R. HAMPTON & L. HAMPTON,          )
                                  )
        Defendants.               )

## Memorandum and Order

Previously, the Court dismissed several defendants from this case.  In response, Plaintiff Juan Brown filed a "Motion in Reply Dismissal of Defendants."  Doc. 13.  The Court construes this as a motion for reconsideration.  Upon review, the Court denies the motion and declines to alter or amend its May 29, 2024 partial-dismissal order.

## I.    Background

Brown filed this action on a Prisoner Civil Rights Complaint form pursuant to 42 U.S.C. § 1983 with a motion to proceed *in forma pauperis*.  Docs. 1, 2.  He named nine defendants in their official and individual capacities:  (1) the Director of the Missouri Department of Corrections; (2) MDOC "correctional staff" and "administrative staff"; (3) Marvin Brannum, functional-utilities manager; (4) L. Hampton, correctional officer; (5) R. Hampton, correctional officer; (6) J. Platt, complex-case manager; (7) Steve Bond, complex-case manager; (8) Brad Shaw, correctional officer; and (9) Sergeant Gladwell, correctional officer.  *See id.* at 1–8.  At all relevant times to this action, Brown indicated he was confined at the Farmington Correctional Center.  *Id.* at 3–8.

As to Bond and Platt, Brown took issue with their handling of his grievances.  *Id.* at 2, 5, 8.  Brown asserted Bond lost two witness statements, submitted incorrect forms related to his

grievances, and failed to process his complaints, whereas Platt allegedly declined to review his

Informal Resolution Request and misstated the nature of his complaint. *Id.* at 5, 8.

On May 29, 2024, the Court granted Brown's motion to proceed *in forma pauperis*, and

reviewed the complaint pursuant to 28 U.S.C. § 1915(e). Doc. 8. The Court found that Brown

had sufficiently alleged excessive-force claims against L. Hampton and R. Hampton in their

individual capacities but failed to sufficiently allege claims against the other defendants. *Id.* As

to Bond and Platt, specifically, the Court found that Brown failed to allege a plausible

constitutional violation under section 1983:

> Brown alleges Bond and Platt handled his grievances inappropriately. *See* doc. 1
> at 5, 8. But "defendants' failure to process [prison] grievances, without more, is
> not actionable under section 1983." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir.
> 1993); *see also Bostic v. Babich*, No. 1:07-cv-00014-ERW, 2008 WL 906801 at *7
> (E.D. Mo. Apr. 3, 2008) ("A 'grievance procedure does not confer any substantive
> constitutional right upon prison inmates.'" (citation omitted)); *Walls v. Highsmith*,
> No. 4:07-cv-01897-DJS, 2007 WL 4468694 at *2 (E.D. Mo. Dec. 17, 2007) ("[T]he
> denial of grievances, in and of itself, cannot support a substantive constitutional
> claim." (citing *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002))). Further,
> there exists "no federal constitutional liberty interest in having . . . prison officials
> follow prison regulations." *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003)
> (citing *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)). Thus, the Court
> dismisses Brown's claims against Bond and Platt.

*Id.* at 7–8 (alterations in original).

Shortly after the partial dismissal, Brown filed a motion titled, "Motion in Reply

Dismissal of Defendants." Doc. 13. The Court construes this as a motion for reconsideration

and addresses it now.

## II.    Standard

"The district court has the inherent power to reconsider and modify an interlocutory order

any time prior to the entry of judgment." *Murr Plumbing, Inc. v. Scherer Bros. Fin. Servs. Co.*,

48 F.3d 1066, 1070 (8th Cir. 1995) (citing *Lovett v. Gen. Motors Corp.*, 975 F.2d 518, 522 (8th

Cir. 1992)). "For purposes of the Federal Rules of Civil Procedure, 'judgment' is defined to

'include[ ] a decree and any order from which an appeal lies.'" *Auto Servs. Co. v. KPMG, LLP*, 537 F.3d 853, 856 (8th Cir. 2008) (alteration in original) (quoting Fed. R. Civ. P. 54(a)). "Thus, 'judgment' encompasses both a final judgment and an appealable interlocutory order." *Id.* "'Judgment' does not, however, encompass an order dismissing fewer than all of the opposing parties or claims unless the district court directs the entry of final judgment under Rule 54(b), or expressly indicates that the order is an immediately appealable interlocutory decision under 28 U.S.C. § 1292(b)." *Id.* (citing *Wagner v. Farmers & Merchs. State Bank*, 787 F.2d 444, 445 (8th Cir. 1986) (per curiam)).

## III. Discussion

Here, the Court previously dismissed fewer than all opposing parties but has yet to enter judgment. *See* doc. 8. The Court accordingly reviews Brown's motion pursuant to its inherent authority. In the motion, Brown takes issue with the dismissals of Bond and Platt only. Doc. 13. He references an MDOC policy or procedure that allows inmates to file grievances against MDOC employees for alleged violations of constitutional rights. *Id.* at 1. And Brown again argues that their failure to "process a grievance" and inappropriate "handling" of grievances "is the direct conduct of a constitutional violation." *Id.* at 2. Further, he asserts Bond and Platt "went outside the scope of the grievance policy and procedure to circumvent and cover-up" the actions of R. Hampton and L. Hampton. *Id.* Brown does not provide any information to support the allegation that they purposefully mishandled his grievances to protect the Hampton defendants.

Overall, Brown reiterates the arguments raised in his complaint and previously addressed by the Court. As this Court previously determined, Brown's allegations against Bond and Platt do not rise to the level of a constitutional violation. To the extent Brown alleges they violated MDOC or FCC policy, "there is no federal constitutional liberty interest in having . . . prison

3

officials follow prison regulations." *Phillips*, 320 F.3d at 847 (citing *Kennedy*, 100 F.3d at 643). "Rather, any liberty interest must be an interest in the nature of the prisoner's confinement, 'not an interest in the procedures by which the state believes it can best determine how he should be confined.'" *Id.* (citing *Kennedy*, 100 F.3d at 643).

Additionally, the manner in which his grievances are handled cannot form the basis for a constitutional violation. "In the context of a state prison system, an inmate grievance procedure is not constitutionally required." *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. July 18, 1986) (citations omitted). "If the state elects to provide a grievance mechanism, violations of its procedures do not deprive prisoners of federal constitutional rights. Therefore, a state's failure to follow its grievance procedures does not give rise to a § 1983 claim." *Id.* (citation omitted)*; see also Hale v. Cooper*, No. 1:12-CV-188 SNLJ, 2013 WL 170735, at *2 (E.D. Mo. Jan. 16, 2013) ("refusal to provide plaintiff with a grievance form does not state a claim for relief"). Thus, Brown still fails to allege a constitutional violation and lacks grounds for reconsideration.

## IV.    Conclusion

Accordingly, the Court denies Brown's [13] Motion for Reconsideration.

So ordered this 9th day of July 2024.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE