UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JUAN V. BROWN, | ) |
|     Plaintiff, | ) |
| v. | )   Case No. 4:24-cv-00216-SRC |
| RONNIE HAMPTON and LUCAS HAMPTON, | ) |
|     Defendants. | ) |

## Order

On November 18, 2024, Juan Brown filed a Motion for Reconsideration. Doc. 58. In it, Brown asks the Court to reconsider its prior dismissal of some of Brown's claims, doc. 8, and lodges several new factual allegations against prison officials. *See* doc. 58. Before this motion, Brown had asked the Court to reconsider parts of its dismissal order three times. *See* docs. 13, 44, 54. The Court denied each motion. *See* docs. 17, 45, 55. It denies this one too. And to the extent that Brown seeks to amend his complaint to add new factual allegations, the Court denies his request.

First, Brown argues that the Court erred in dismissing his claims because the Court erroneously held Brown "to the [professional] standards of a lawyer when the plaintiff is an uneducated pro se [complainant]." Doc. 58 at 2.[1] But the Court stated and applied the correct standard when it dismissed Brown's claims. *See* doc. 8 at 4 (holding that "the Court liberally construes complaints filed by laypeople" (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))).

---

[1] The Court cites to page numbers as assigned by CM/ECF.

Brown spends the rest of the Motion for Reconsideration lodging factual allegations against several prison officials. *See* doc. 58 at 3–13. Some allegations rehash allegations that Brown had made previously and that this Court held insufficient to state a claim. *Compare, e.g.*, doc. 58 at 11 (alleging that Platt refused to process Brown's grievances) *with* doc. 1 at 8 (same); *see* doc. 8 at 7–8 (dismissing Brown's claims against Platt because "defendants' failure to process [prison] grievances, without more, is not actionable under section 1983" (quoting *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993)) (modifications in original)). To this extent, Brown has failed to establish that the Court should depart from its previous dismissal of his claims, *see id.*, and the Court accordingly denies his Motion for Reconsideration.

Other allegations in the Motion for Reconsideration present novel issues of fact. *See, e.g.*, doc. 58 at 4–5 (alleging that an educator displayed racist materials and falsely accused Brown of assaulting a tutor); *see generally* doc. 51 (not mentioning this incident). To the extent that Brown seeks to supplement his complaint with these new allegations, the Court denies him leave to do so. Brown may not amend his complaint as a matter of course because Defendants waived service of the complaint on May 29, 2024, *see* doc. 10, and served their answer to the complaint on July 24, 2024, *see* doc. 21 at 6, and more than 21 days have passed since both of these dates. *See* Fed. R. Civ. P. 15(a)(1). The Court denies Brown leave to amend his complaint. *See* Fed. R. Civ. P. 15(a)(2); *see also* doc. 50 at 1–2 (holding that "future requests to amend or supplement the present complaint would likely prejudice Defendants and delay the progress of the case. The Court does not anticipate granting future requests to amend or supplement the complaint before Defendants respond to the present complaint").

Finally, the Court reminds Brown that a party's "pro se status . . . do[es] not insulate him from the reach of Rule 11." *Carman v. Treat*, 7 F.3d 1379, 1382 (8th Cir. 1993). "Even a pro se

litigant has a duty to inquire into whether his claim is worth pursuing further." *Galvan v. Cameron Mut. Ins. Co.*, 831 F.2d 804, 805 (8th Cir. 1987). Considering that Brown's Motion for Reconsideration lacks merit, the Court warns him that failure to follow the governing rules may result in sanctions, including dismissal of his claims.

Accordingly, the Court denies Brown's [58] Motion for Reconsideration.

So ordered this 20th day of November 2024.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE