UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JUAN V. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:24-cv-00216-SRC |
| | ) | |
| RONNIE HAMPTON and LUCAS | ) | |
| HAMPTON | ) | |
| | ) | |
| Defendants. | ) | |

**<u>Memorandum and Order</u>**

**I.      Background**

In February 2024, Brown brought many claims against numerous corrections officers

pursuant to 42 U.S.C. § 1983.  *See* doc. 1.  The Court dismissed all of Brown's claims, except the

individual-capacity claims against Ronnie and Lucas Hampton.  Doc. 8 at 10 (The Court cites to

page numbers as assigned by CM/ECF.).  Brown then asked the Court to reconsider those

dismissals five times, *see* docs. 13, 44, 54, 58, 107, and the Court denied each request, *see* docs.

17, 45, 55, 61, 119.  In October and November 2024, the Court allowed Brown to supplement his

Complaint with allegations of events that took place after Brown's filing it.  Docs. 45, 50.

Brown's original Complaint, supplemented with these events, formed Brown's Second Amended

Complaint.  Doc. 51.

The Hamptons moved for summary judgment on many of Brown's claims arising out of

incidents on August 22, 2023 and September 8, 2023, *see* doc. 103, and the Court granted

summary judgment in their favor, docs. 119–20.  In its ruling, the Court found that the various

allegations against Ronnie regarding incidents occurring on August 22, 2023 and September 8,

2023 could not survive summary judgment.  Doc. 119 at 12–16.  And "the only physical contact

that Lucas made with Brown" on August 22, 2023 involved holding his arm during the escort to

Brown's cell and patting him down.  *Id.* at 14.  To the extent that Brown challenges Lucas's use of any *de minimis* physical force from this incident, the Court found that such force cannot rise to an Eighth Amendment violation.  *See id.* (citing *Hudson v. McMillian*, 503 U.S. 1, 9–10 (1992)).

However, "[l]iberally construing Brown's operative complaint, the Court identifie[d] two potential claims that remain," on which the Hamptons did not move for summary judgment.  *Id.* at 16.  First, "Brown allege[d] . . . that he 'suffered numb toes and feet' because the Hamptons denied him a blanket."  *Id.* at 18 (cleaned up) (quoting doc. 51 at 21–22).  The Court "question[ed] whether [this] allegation alone, even if true, can support an Eighth Amendment conditions-of-confinement claim" in light of *Williams v. Delo*, 49 F.3d 442, 447 (8th Cir. 1995).  *Id.*  Second, Brown alleged that "Ronnie 'maced' Brown four times on September 8, 2024."  *Id.* (citing doc. 51 at 25–26).  The Court "question[ed] the claim's factual predicate," because there was "no evidence that Ronnie ever visited Brown's new facility or otherwise had any connection to that facility at any relevant time."  *Id.*

Based on these deficiencies in Brown's remaining claims, the Court "order[ed] Brown to, no later than September 8, 2025, file a supplemental brief explaining why the Court shouldn't grant the Hamptons summary judgment on the remaining claims."  *Id.*  September 8 came and went, and on September 10, Brown filed a motion for reconsideration of the Court's decision.  Doc. 122.  Brown also filed numerous letters and motions after that, which the Court now takes up.  Docs. 122–29.

In all these filings, Brown provides no basis for relief on either of these two claims.  Therefore, the Court grants the Hamptons summary judgment on these two claims.  The Court also identifies an additional potential claim that may remain in Brown's Second Amended Complaint, arising out of incidents that allegedly occurred after Brown filed this lawsuit (and

therefore after the events for which the Hamptons moved for summary judgment).  As discussed below, the Court orders supplemental briefing on this claim.

## II.  Standard

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Under Rule 56(f), the Court may grant summary judgment "sua sponte, 'provided that the party against whom judgment will be entered was given sufficient advance notice and an adequate opportunity to demonstrate why summary judgment should not be granted.'"  *Hubbard v. Parker*, 994 F.2d 529, 531 (8th Cir. 1993) (quoting *Interco Inc. v. Nat'l Sur. Corp.*, 900 F.2d 1264, 1269 (8th Cir. 1990)) (emphasis removed).

## III.  Discussion

None of Brown's new filings address the Court's concerns regarding the two claims for which the Court previously ordered supplemental briefing.  *See* doc. 119 at 16–18.  Additionally, the Court previously said that "[t]he parties may not file further briefing without leave of court," beyond filing the supplemental briefing that the Court requested.  Doc. 119 at 19.  Brown did not seek leave to file any of his supplemental documents, none of which address the two relevant claims.  While the Court can deny Brown's motions on these bases alone, the Court also finds that they fail on the merits, as discussed below.

### A.    Brown's first motion for reconsideration

In his motion, Brown "ask[s] for [r]econsideration of the [C]ourt[']s order to dismiss [his] civil action."  Doc. 122 at 1.  Brown claims that this Court "has greatly erred in its [r]uling," arguing that "[t]here exist[s] a [g]enuine [d]ispute on [the] record that contradicts Defendants Lucas Hampton['s] and Ronnie Hampton['s] [d]enial of [E]ighth [A]mendment excessive use of

3

force." *Id.* Brown then cites *Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985) and *Scott v. Harris*, 550 U.S. 372, 380 (2007) to support the proposition that "when opposing parties tell two different stories[,] one of which is blatantly contradicted by [the] record so that no reasonable jury could believe in[,] a court should not adopt that version of the facts for [the] purpose of ruling on a Motion for Summary Judgement [sic]." Doc. 122 at 1.

Brown does not identify how the Court "greatly erred" or why the Hamptons' factual claims are "blatantly contradicted by the record." *Id.* Therefore, the Court denies Brown's motion to reconsider. *Id.*

### B.       Brown's discovery motions and motion for stay

Brown next filed numerous letters and requests in November and December 2025, and January 2026. *See generally* docs. 123–27. In the first letter, he asks for both an update regarding the case and a copy of discovery. Doc. 123. He also asks for discovery in two other letters. Docs. 124, 126. In one letter, he asks for a stay of the case until he receives "[d]ocumentation [that] states [t]he Defendants assaulted [Brown] on aug.22.2023 [sic]." Doc. 125 at 1. He also attaches two exhibits to this document; one is a request for internal review, grievance, and appeal forms, and the second appears to be his correctional facility's response to that request. *See id.* at 2–3. The Court construes these motions as discovery motions and denies them as untimely. *See* doc. 22 at 2 (providing that the parties must complete discovery by January 27, 2025); *see also* doc. 84 at 9 ("The parties must not file any discovery motion after the January 27, 2025, discovery deadline.").

Regarding Brown's request for a stay, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Emerson Elec. Co. v. Black & Decker Mfg. Co.*, 606 F.2d 234, 237 n.6 (8th Cir. 1979) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248,

254 (1936)).  "The proponent of a stay bears the burden of establishing its need."  *Kreditverein der Bank Austria Creditanstalt fur Niederosterreich und Bergenland v. Nejezchleba*, 477 F.3d 942, 945 n.3 (8th Cir. 2007) (quoting *Clinton v. Jones*, 520 U.S. 681, 708 (1997)).  Because the Court denies Brown's discovery motions, the Court finds that it need not stay proceedings pending discovery.

### C.    Brown's request for documents

In an additional filing, Brown asks for computer printout copies of various filings on the docket and their attached exhibits.  Doc. 127 at 1.  The Court denies this request in the interest of judicial economy, because Brown provides no reasons why getting copies of documents and exhibits already on the record would help him avoid summary judgment on his two remaining claims.  *See generally id.*

### D.    Brown's motion for discovery sanctions and to bar summary judgment

In his final filings, Brown moves for sanctions and to bar summary judgment.  Doc. 128. He claims that the Hamptons "have engaged in a strong desire to suppress the truth of [Brown's] [m]aterial [f]acts by submitting fraudulant [sic] testimony and the intentional spoilation of [v]ideo [d]ocument [e]vidence."  Doc. 128 at 1 (citing *Lawrence v. Bowersox*, 297 F.3d 727 (8th Cir. 2002)).  Brown states that he submitted evidence that contradicts the Hamptons' denial that they did not retain information regarding the August 22, 2023 incidents.  *Id.* at 2.  He claims that the Hamptons have stated that they received no litigation hold, and that they are suppressing "[t]he [f]act that the information was available."  *Id.* at 3.  Brown claims that the suppressed August 22, 2023 video footage shows both Ronnie directing Lucas to assault Brown and Lucas punching Brown's knees and legs while Brown was handcuffed to a bench.  *Id.* at 4.

Brown attaches two exhibits to his motion; the first is a Missouri Department of Corrections response to Brown's grievance appeal dated April 15, 2024, *see* doc. 128-1, which

5

Brown previously submitted to the Court, *see* doc. 91-1.  And the second is this Court's February 3, 2025 order.  *See* doc. 128-2 (containing doc. 93).  Brown says that his first exhibit establishes that "thier [sic] is a [r]ecord and it has [b]een [r]efferd [sic] to appropriate staff for further [r]eview."  Doc. 128 at 2.

Brown's motion fails for three reasons.  First, despite the Court's repeated reminders, *see* doc. 65 at 1; doc. 68 at 3, Brown's motion does not indicate that he has met and conferred with opposing counsel proximate to filing the motion, *see generally* doc. 128.  Pursuant to the undersigned's Judge's Requirements, before filing a discovery motion (including a motion for discovery sanctions), a party must confer with opposing counsel and attempt to resolve the dispute.  Judge's Requirements at 6.  Even "[i]n cases involving incarcerated pro se litigants, the Court expects parties to confer . . . in writing before filing a discovery motion."  *Id.*  And the party that files the discovery motion must, in the motion, describe "how the parties tried to resolve the dispute."  *Id.*  Brown's motion doesn't comply with these requirements.  *See* doc. 128.

Second, even if Brown did, the deadline for discovery motions has long passed, as noted above.  Finally, Brown's motion substantially repeats arguments he made in a previous motion.  *Compare id.*, *with* doc. 91; *see also* doc. 128 at 2 (referencing doc. 91).  When the Court adjudicated Brown's previous motion, it found that the Hamptons "acted reasonably when they, in the normal course of business, didn't retain the August 22, 2023, video footage."  Doc. 106 at 3; *see also* doc. 100-1 at 1–2; doc. 93.  And the Court had the benefit of the April 15, 2024 Grievance-Appeal Response when coming to this conclusion.  *See* doc. 93 at 1–2 (discussing doc. 91-1, in which Brown attached the April 15, 2024 Grievance-Appeal Response); *see also* doc. 106 (entered after the Court's considering this grievance appeal).

Brown's conclusory allegations, *see generally* doc. 128, fail to provide any grounds to modify the Court's previous conclusions.  And while this motion also asks the Court to "bar" summary judgment, *id.* at 1, Brown provides no argument or authority regarding his two remaining claims, *see generally id.*  Further, his cite to *Lawrence v. Bowersox*, 297 F.3d 727 (8th Cir. 2002) does not save him.  The Eighth Circuit's upholding a district court's sanctions order against prison officials for withholding some videos and producing others heavily edited— despite previous assurances to produce originals—does not change the Court's conclusion here regarding materially different circumstances.  *Id.* at 733–34.  Accordingly, the Court denies his motion.  *Id.*

### E.      Brown's second motion for reconsideration

In his most-recent motion, Brown asks for relief under Federal Rule of Civil Procedure 60(b) because of the Hamptons' alleged fraud from "[f]abrication of [e]vidence" and "suppression of said [e]vidence."  Doc. 129 at 1.  Specifically, as above, he references the Missouri Department of Corrections' failure to retain video footage from August 22, 2023.  *See id.* at 1–2.  He claims to have submitted "official forms of [the] Department of Corrections that show [that] Defendants and [the] Department of Corrections were aware of the August 22, 2023 video [d]uring case opening notification" and "had these [r]ecords well up into April 15, [20]24."  *Id.* at 2.  He references "Exhibit #1" for these propositions, which refers to the April 15, 2024 Grievance-Appeal Response, which Brown recently filed as Exhibit 1, *see* doc. 128-1, in his motion for sanctions and summary judgment, *see* doc. 128.  Finally, he says that "Defendants['] [f]raudulent and [p]rejudicial information amount[s] to actions for penalty, [f]ine, [sic] and sanctions denying summary judgment."  Doc. 129 at 2.

Once again, the April 15, 2024 Grievance-Appeal Response provides no basis for the Court's reconsideration of its denial of sanctions against the Hamptons relating to the

Department of Corrections' alleged failure to preserve footage from August 22, 2023.  And while Brown mentions "[f]abrication," doc. 129 at 1, he does not support this assertion, nor will the Court permit him to file new discovery-related motions at this juncture, as noted above.  Therefore, Brown provides no basis for this Court's reconsideration of its decision not to sanction the Hamptons and the Court denies the motion.  Doc. 129.

### F.    Potential remaining claim

In addition to the two claims the Court pointed out previously, doc. 119 at 16–18, the Court now identifies one potential remaining claim in Brown's Second Amended Complaint, doc. 51, when liberally construed.  This claim arises after Brown filed this lawsuit, and after the events on which the Hamptons moved for summary judgment.  *See* doc. 103.  Brown claims that after filing this lawsuit, Ronnie repeatedly harassed Brown, taunting him with "threats of physical violence on numerous occasions."  Doc. 51 at 21.  Lucas then said he would "blow [Brown's] head off" if he saw him around town, because Brown "snitched" on him.  *Id.*  But as the Court noted previously, doc. 119 at 13, "mere verbal threats made by a state-actor do not constitute a [section] 1983 claim."  *Hopson v. Fredericksen*, 961 F.2d 1374, 1378–79 (8th Cir. 1992).  Therefore, the Court questions the legal sufficiency of this claim as well.

Brown also mentions an "ongoing conspiracy of abuse and harassment by D.O.C. staff," but doesn't direct that claim against any particular defendant.  Doc. 51 at 11; *see White v. Jackson*, 865 F.3d 1064, 1081 (8th Cir. 2017) (requiring a causal link between an alleged violation and a defendant's conduct); *see also Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.").  So, the Court does not treat this as a live claim.

Given this deficiency in Brown's remaining claim, the Court sees little reason at this time why it should not grant the Hamptons summary judgment on this claim, but will await the

8

benefit of further briefing before making a final decision.  Accordingly, the Court provides Brown notice that it intends to dismiss this claim.  *See Hubbard*, 994 F.2d at 531 (holding that "[a] federal district court may grant summary judgment pursuant to Fed. R. Civ. P. 56, sua sponte, 'provided that the party against whom judgment will be entered was given sufficient advance notice and an adequate opportunity to demonstrate why summary judgment should not be granted'" (quoting *Interco*, 900 F.2d at 1269)).

Brown may, no later than August 1, 2026, file a supplemental brief explaining why the Court shouldn't grant the Hamptons summary judgment on this remaining claim.  If he does not, or if his response provides no compelling reason against the grant of summary judgment, the Court will grant summary judgment to the Hamptons and dismiss Brown's Second Amended Complaint.

The parties may not file further briefing without leave of court.  And to be abundantly clear, the Court is not granting Brown leave to amend his Second Amended Complaint and is not permitting him to otherwise attempt to add claims to this case.  *See* Fed. R. Civ. P. 1.

## IV.    Conclusion

Accordingly, the Court grants the Hamptons summary judgment on Brown's two additional claims, as provided above, and denies Brown's [122] [123] [124] [125] [126] [127] [128] [129] motions.  The Court orders Brown to file, no later than August 1, 2026, a supplemental brief on the potential remaining claim the Court identified, as required by this Memorandum and Order.  If Brown fails to file a supplemental brief by the deadline, then the Court may, without further notice, enter summary judgment in favor of the Hamptons and dismiss Brown's Second Amended Complaint.  A separate judgment accompanies this Memorandum and Order.

So ordered this 1st day of July 2026.

STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE