UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JUAN V. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:24-cv-00216-SRC |
| | ) | |
| RONNIE HAMPTON and LUCAS HAMPTON, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**Order**

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Under Rule 56(f), the Court may, "[a]fter giving notice and a reasonable time to respond," Fed. R. Civ. P. 56(f), grant summary judgment "sua sponte, 'provided that the party against whom judgment will be entered was given sufficient advance notice and an adequate opportunity to demonstrate why summary judgment should not be granted,'" *Hubbard v. Parker*, 994 F.2d 529, 531 (8th Cir. 1993) (emphasis removed) (quoting *Interco Inc. v. Nat'l Sur. Corp.*, 900 F.2d 1264, 1269 (8th Cir. 1990)).

After granting the Hamptons summary judgment on most of Brown's claims, *see* docs. 119, 130, the Court identified one possible remaining claim, *see* doc. 130 at 8–9. Brown claims that after filing this lawsuit, Ronnie Hampton repeatedly harassed Brown, taunting him with "threats of physical violence on numerous occasions." Doc. 51 at 21. Lucas Hampton then allegedly said he would "blow [Brown's] head off" if he saw him around town, because Brown "snitched" on him. *Id.* The Court noted that "mere verbal threats made by a state-actor do not constitute a [section] 1983 claim." Doc. 130 at 8 (alteration in original) (quoting *Hopson v. Fredericksen*, 961 F.2d 1374, 1378 (8th Cir. 1992)). "[Q]uestion[ing] the legal sufficiency of this claim," the Court ordered Brown to, no later than August 1, 2026, file supplemental briefing

why it should not grant the Hamptons summary judgment on Brown's final remaining claim. *Id.* at 8–9.

Brown's deadline came and went, and apart from filing a notice of appeal, doc. 132, and a motion for leave to proceed *in forma pauperis*, *see* doc. 133, Brown filed no briefing responsive to the Court's order. Accordingly, the Court grants the Hamptons summary judgment on this final remaining claim and dismisses Brown's [51] Second Amended Complaint with prejudice. A separate judgment accompanies this Order.

So ordered this 8th day of September 2026.

STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE